UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN O'NEAL WADE,

   Petitioner,

   v.

SCOTT FRAKES,

   Respondent.

Case No. C07-5439 FDB

ORDER ADOPTING REPORT AND
RECOMMENDATION TRANSFERRING
SUCCESSIVE HABEAS PETITION
TO COURT OF APPEALS

The Magistrate Judge recommends this habeas corpus petition be transferred to the Ninth Circuit Court of Appeals as a second or successive petition of which Petitioner must seek leave of the Court of Appeals. The Petitioner has responded to the Report and Recommendation conceding that the matter should be transferred to the Court of Appeals.[1] The Court has reviewed the file and the petition and is fully informed. The Court finds it is without authority to address the petition and transfers it to the Ninth Circuit Court of Appeals.

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to imposed such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

---

[1] Petitioner also seeks leave to amend the petition prior to transfer to the Court of Appeals. The motion to file an amended petition is properly before the Court of Appeals.

ORDER - 1

This same statute provides however, that the district court lacks authority to review successive habeas petitions without authorization from the court of appeals. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A); see also United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998). The Antiterrorism and Effective Death Penalty Act of 1996 amended the federal habeas statutes and added the requirement that any prisoner seeking to file a successive habeas application must first file, in the appropriate court of appeals, a motion for an order authorizing the district court to consider the successive application. 28 U.S.C. § 2244(b)(3)(A). Once the prisoner files such a motion, the court of appeals then reviews the successive application to determine whether the prisoner has made a prima facie showing that the new claim is (1) based on the discovery of new material evidence, or (2) based on a new rule of constitutional law made retroactive by the U.S. Supreme Court. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(2); Allen, 158 F.3d at 664. Neither the record nor any evidence submitted by Petitioner shows that he obtained the required authorization from the Ninth Circuit. Therefore, this Court does not have jurisdiction to consider this application for relief.

The transfer of civil actions among federal courts to cure jurisdictional defects, as described in 28 U.S.C. § 1631, applies to habeas corpus proceedings, and federal courts should consider transfer without motion by the parties. Cruz-Aguilera v. Immigration & Naturalization Service, 245 F.3d 1070, 1074 (9th Cir .2001). The Ninth Circuit has held that the interests of justice normally warrant transfer of a case rather than dismissal. Baeta v. Sonchik, 273 F.3d 1261, 1264 (9th Cir.2001). A transfer also assists litigants who might be confused about the proper forum for review and avoids the "time-consuming and justice-defeating" effect of requiring a case to be filed elsewhere. Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990). See Ninth Circuit Rule 22-3 (providing that successive petitions mistakenly submitted to the district court shall be referred to the court of appeals). The Court will transfer Petitioner's to the Ninth Circuit. Further transfers of successive petitions may not be warranted as it should be patently clear that the proper forum for requests for successive § 2255 petitions is the Ninth Circuit. 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A).

ACCORDINGLY;

ORDER - 2

IT IS ORDERED:

(1) The Court adopts the Report and Recommendation;

(2) The petition (Dkt. # 4) and motion to amend (Dkt #6] are **TRANSFERRED TO THE NINTH CIRCUIT AS A SECOND OR SUCCESSIVE PETITION.**

(3) The Clerk is directed to send copies of this Order to Petitioner and to the Hon. Karen L. Strombom **AND TO ADMINISTRATIVELY CLOSE THIS FILE.**

DATED this 19th day of November, 2007.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 3